TIBBETTS *v.* SARTWELL.

At an appraisal to determine the price of goods under a contract of sale, neither party has a right to exclude the other, and a party so excluded may rescind the contract without forfeiting a deposit made to insure an acceptance of the appraisal.

REPLEVIN, of $400 in bank bills. Facts found by a referee. The plaintiff agreed to sell, and Mrs. George agreed to buy, the furniture in the plaintiff's hotel, at a price to be fixed by Garland & Parker. They placed each $200 in bank bills in the hands of Parker, with the understanding and agreement that if either party should refuse to accept the appraisal of Garland & Parker, then the $200 deposited by him or her should become the property of the other. The plaintiff's wife and Mrs. George accompanied the appraisers while they were engaged in their work, the former to point out the property, and the latter to see what she was buying. Occasionally Mrs. George stated to the appraisers her view of the value of the articles of property. During the second day of the appraisal, and while the appraisers were at work, the plaintiff, in harsh and peremptory language, ordered Mrs. George out of the room, and insisted that she should take no further part in the appraisal. Thereupon she declined to proceed with the appraisal, and went home. Nothing further was done by the appraisers, and the appraisal was never completed. At the request of the plaintiff, Parker, before he left for home, deposited the $400 with the

defendant. The plaintiff, in ordering Mrs. George from the room, did not intend to be understood as rescinding the agreement, and she reasonably ought not to have understood that he intended to rescind it.

*Drew & Jordan* and *Will P. Buckley*, for the plaintiff.

*Smith & Sloan*, for the defendant.

CARPENTER, J. It is not found that the conduct of Mrs. George justified her exclusion from the room in which the furniture was appraised. The parties could have agreed that both or neither of them should be present when the appraisal was made. But an agreement cannot be inferred that either should have an exclusive right to be present at the determination of the question of value, in which they were equally and adversely interested. *Hook* v. *Philbrick*, 23 N. H. 288. The plaintiff, by wrongfully preventing Mrs. George from attending the appraisal, gave her the right she exercised to rescind the contract.

*Judgment for the defendant for $200.*

All concurred.